O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

DOC #2

CIVIL MINUTES - GENERAL

| Case No. | 09-7742 PSG (RCx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Benjamin Shepherd v. U.S. Bank National Association | | |

| Present: | The Honorable Philip S. Gutierrez, United States District Judge |
|---|---|

| Wendy K. Hernandez | Not Present | n/a |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order Denying Plaintiff's *Ex Parte* Application for Temporary Restraining Order

    Pending before the Court is Plaintiff's *ex parte* Application for Temporary Restraining Order. The Court finds the matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; L.R. 7-15. After considering the moving papers, the Court DENIES Plaintiff's application.

I.    Background

    On September 29, 2006, Plaintiff Benjamin Shepherd ("Plaintiff") refinanced his residence ("the Property"), naming Chicago Title Company as trustee under the Deed of Trust. *See Compl.* ¶¶ 6, 7. On June 24, 2008, a Notice of Default was recorded against the Property. *See id.* ¶ 10. This notice was followed by the recording of a Notice of Sale on October 6, 2008. *See id.* ¶ 11. A trustee sale occurred on October 29, 2008, and Defendant U.S. Bank National Association ("Defendant") took title as grantee. *See id.* ¶ 12.

    On June 18, 2009, Defendant filed an unlawful detainer action in California state court. *See id.* ¶ 13. The state court found against Plaintiff and awarded possession to Defendant on August 13, 2009. *See id.* ¶ 16. On October 19, 2009, Plaintiff received a Notice to Vacate, ordering Plaintiff to vacate the premises by October 24, 2009. *See id.* ¶ 17; *Shoemaker Decl.*, Ex. 4. On October 23, 2009, the day before the scheduled eviction, Plaintiff filed a complaint against Defendant and the instant *ex parte* application for a temporary restraining order ("TRO").

**O**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 09-7742 PSG (RCx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Benjamin Shepherd v. U.S. Bank National Association | | |

II.     Legal Standard

The law on *ex parte* applications is well-settled in this circuit. In order to justify *ex parte* relief, the moving party must satisfy two conditions. First, the moving party must show that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Second, the moving party must establish that it is without fault in creating the crisis that requires *ex parte* relief, or that the crisis occurred as a result of excusable neglect. *See id.* If there was any doubt as to the limited circumstances under which parties should file *ex parte* applications, this Court's Standing Order makes clear that "[e]x parte applications are solely for extraordinary relief." *Standing Order* ¶ 10.

III.    Discussion

Plaintiff seeks a TRO to prevent execution of the Notice to Vacate, which was scheduled to occur on October 24, 2009. The Notice to Vacate, however, was the eventual result of a trustee sale that Plaintiff was aware of since October 6, 2008. The Notice of Sale was recorded against the Property on that date, and the Property was sold on October 29, 2008. Plaintiff waited over one year to file a complaint, and he waited until the day before the scheduled eviction to challenge a Notice to Vacate that was issued five days before the eviction date. In this case, Plaintiff created the emergency that allegedly warrants *ex parte* relief.

As Judge Edwards noted in *Mission Power*, to justify *ex parte* relief, applicants must demonstrate why they should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power*, 883 F. Supp. at 492. That showing is noticeably absent from Plaintiff's application. Moreover, "[e]x parte applications are not intended to save the day for parties who have failed to present requests when they should have." *Id.* As noted above, despite being aware of the potential of losing the Property on October 6, 2008, Plaintiff waited until October 23, 2009 to file the instant application. Furthermore, Plaintiff has not provided an explanation for the delay. For these reasons, the Court finds that Plaintiff has failed to demonstrate that *ex parte* relief is justified under the present circumstances.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 09-7742 PSG (RCx) | Date | October 26, 2009 |
|---|---|---|---|
| Title | Benjamin Shepherd v. U.S. Bank National Association | | |

IV.  Conclusion

Based on the foregoing, the Court DENIES Plaintiff's *ex parte* application.

**IT IS SO ORDERED.**